**PRIORITY SEND**
**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 13-00614-VAP (DTBx)                    Date:  April 11, 2013

Title:     MARTINGALE INVESTMENTS LLC -v- ARGIRIOS NOTIS AND DOES 1-10
===============================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Marva Dillard                          None Present
        Courtroom Deputy                       Court Reporter

ATTORNEYS PRESENT FOR                  ATTORNEYS PRESENT FOR
PLAINTIFFS:                            DEFENDANTS:

        None                                   None

PROCEEDINGS:      MINUTE ORDER REMANDING ACTION TO THE
                  CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF
                  SAN BERNARDINO (IN CHAMBERS)

        On April 4, 2013, Defendant Argirios Notis ("Defendant") removed this action from the California Superior Court for the County of San Bernardino.  Defendant alleges the Court has subject-matter jurisdiction to hear this matter pursuant to federal question jurisdiction.  (See Not. of Removal (Doc. No. 1) at ¶ 12.)  For the following reasons, the Court REMANDS the action to the California Superior Court for the County of San Bernardino.

MINUTES FORM 11                        Initials of Deputy Clerk ___md___
CIVIL -- GEN                Page 1

EDCV 13-00614-VAP (DTBx)
MARTINGALE INVESTMENTS LLC v. ARGIRIOS NOTIS AND DOES 1-10
MINUTE ORDER of April 11, 2013

 Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (citing <u>Nishimoto v. Federman-Bachrach & Assocs.</u>, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); <u>see also</u> <u>In re Ford Motor Co./Citibank</u>, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); <u>FW/PBS, Inc. v. Dallas</u>, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); <u>see also</u> Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

 Defendant alleges the basis for removal is federal question jurisdiction.  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  <u>See</u> <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).  Without a federal question, there is no federal question jurisdiction.  Accordingly, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino.

 **IT IS SO ORDERED.**